.LONDON REALTY CO. v. COLEMAN STABLE CO.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. CORPORATIONS (§ 387*)—CORPORATE POWER—CONTRACTS—INDEBTEDNESS—MORTGAGES—RIGHT TO ATTACK.

Where a mortgage is given without compliance with the formalities required by Stock Corporation Law (Consol. Laws, c. 59) § 6, providing for consent by two-thirds of the stockholders, etc., the corporation itself may attack the validity of the mortgage.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1548–1553; Dec. Dig. § 387.*]

2. CORPORATIONS (§ 387*)—MORTGAGE—POWER OF CORPORATION TO QUESTION.

In an action against a corporation on a chattel mortgage, where it does not appear by averment that the defendant has received any consideration, and there was no compliance with Stock Corporation Law (Consol. Laws, c. 59) § 6, requiring consent of two-thirds of the stockholders, the equitable principle that a person cannot profit by his own wrong has no application to an attack upon the validity of the mortgage by the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 387.*]

Appeal from Special Term, New York County.

Action by the London Realty Company against the Coleman Stable Company. From an order sustaining a demurrer to a special defense, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

I. N. Jacobson, for appellant.
Jacob R. Schiff, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J.   Appeal from an order sustaining plaintiff's demurrer to the separate defense contained in the amended answer interposed by the defendant, the Coleman Stable Company.

This action was brought to recover possession of certain chattels, consisting of an automobile, with its appurtenances, upon allegations of ownership thereto in the plaintiff, on January 19, 1910, which ownership was acquired through a chattel mortgage executed and delivered on November 18, 1909, by the Coleman Stable Company to Katherine Percival, to secure the payment of $1,250, with a clause in the mortgage allowing Katherine Percival, or her assigns, to take possession of the property therein described upon default in payment of any installment therein provided for; that the mortgage was duly filed, and that thereafter Katherine Percival duly sold, assigned, and transferred the mortgage and all interest therein to the plaintiff, which assignment was also duly filed; that default was made by the Coleman Stable Company in the payment of one of the installments provided for in said mortgage.

The separate defense of the defendant, Coleman Stable Company, which was demurred to, sets forth that it was a domestic stock corporation; that the mortgage in question was not a purchase-money mortgage, and was not given in payment either in whole or in part of the chattels, or any of them, therein described; that the alleged mortgage was not consented to by the holders of not less than two-thirds of the capital stock of the defendant corporation; that there was not made or delivered any certificate under the seal of the defendant that such consent was given by the stockholders in writing; that no such certificate was subscribed or acknowledged by the president, vice president, secretary, or assistant secretary of the defendant; that no such certificate was filed or recorded in the office of the clerk or register of the county of New York.   The answer further alleged that said mortgage was not consented to by vote at a special or other meeting of the stockholders of the defendant corporation; that no certificate had been delivered or made under the seal of the defendant, or subscribed or acknowledged by its officers, that such consent was given; and that no such certificate had ever been filed or recorded.   It further alleged that such mortgage was executed without the consent, in writing or otherwise, of not less than two-thirds of the stockholders of the defendant; that no such consent was given; that the execution or delivery thereof was not authorized, sanctioned, or consented to by vote at any meeting of the stockholders; that no certificate under seal of such consent was ever executed; and that no such consent or certificate was ever filed.   There was a further allegation that the said paper purporting to be a chattel mortgage was and is unlawful, illegal and void.

It is not disputed that the facts set forth in the separate defense, if proved, would render the mortgage invalid.   Stock Corporation Law (Consol. Laws, c. 59) § 6.   In order to take advantage of the invalidity of a mortgage executed without the statute requirements having been observed, it is not necessary that the objection should be raised by a stockholder or creditor; but the defense is available to the cor-

poration itself. Lord, Jr., as Trustee, et al. v. Yonkers Fuel & Gas Co. et al., 99 N. Y. 547, 2 N. E. 909.

It was furthermore claimed that the defendant corporation could not set up this defense, because no man can take advantage of his own wrong, and because defendant did not offer to return what it had received from the mortgagee upon the making of the mortgage. This seems to proceed upon the theory of an application of some equitable principle to the case at bar, which has absolutely no relevancy, either to the cause of action sued upon or to the defense pleaded. It does not even appear, by any averment, that the defendant, the Coleman Stable Company, received any money whatever when the mortgage in question was executed.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion for judgment, sustaining the demurrer to the separate defense, denied, with $10 costs. All concur.