'cember 30, 1910.) Action by Fannie Kreisberg and another against the Association Realty Operators and another. No opinion. Order affirmed, with $10 costs and disbursements.

KREMER v. HAAS. (Supreme Court, Appellate Term. January 5, 1911.) Appeal from Municipal Court, Borough of Manhattan, Fifth District. Action by Julius G. Kremer, as trustee in bankruptcy of Gabriel Marks and another, against Louis Haas. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and judgment ordered for plaintiff. See, also, 123 N. Y. Supp. 975. Henry L. Franklin, for appellant. Nathan G. Goldberger, for respondent.

PER CURIAM. This case was before this court on a former appeal (123 N. Y. Supp. 975), and a judgment for the defendant was reversed for the reason that the defense of payment was not sufficiently proved. There is no material difference in the testimony introduced upon this trial, and the judgment must therefore be reversed, and judgment ordered for the plaintiff for the amount demanded in the complaint, with costs in this court and in the court below.

KRESSEL, Respondent, v. ANTOKOLETZ, Appellant. (Supreme Court, Appellate Division, First Department. December 2, 1910.) Action by Tillie Kressel against Solomon Antokoletz. J. Manheim, for appellant. J. Panken, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

In re KUHN. (Supreme Court, Appellate Division, First Department. January 20, 1911.) In the matter of the judicial settlement of the account of Mary E. Kuhn, as administratrix of the estate of Mathais Simendinger, deceased. Proceedings remanded to the Surrogate's Court.

PER CURIAM. While the applicant is probably right in asserting that the appeal from the Surrogate's Court to the Appellate Division removes into the Supreme Court the whole proceeding, so that the Surrogate's Court is divested of jurisdiction until the matter be formally remitted to the Surrogate's Court, the proper proceeding in view of this settlement, which upon its face appears to be an entirely proper settlement and should be approved, would be to allow the surrogate to give the necessary consents to the settlement and fix the allowance to the guardians ad litem. The surrogate will undoubtedly approve of this settlement when the matter is brought on before him; but he can act more intelligently than can this court, as he has all the records before him, and can make such provisions as will protect the rights of the infants. An order can therefore be entered remitting the proceeding to the Surrogate's Court, whereupon he would have full authority to pass upon the questions presented.

LAKE ERIE SEED CO., Respondent, v. DUFFY, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 18, 1911.) Action by the Lake Erie Seed Company against J. P. Duffy. No opinion. Order affirmed, with $10 costs and disbursements.

LAMBERT v. HAMBURG BREMEN FIRE INS. CO. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by Francis J. Lambert against the Hamburg Bremen Fire Insurance Company. No opinion. Application denied, with $10 costs. Order signed.

LA PLAIN, Respondent, v. NATIONAL STARCH CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 7, 1910.) Action by Ida La Plain against the National Starch Company. No opinion. Judgment and order affirmed, with costs.

LARKIN, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Edward Larkin, as administrator, etc., of Irene Larkin, deceased against the Nassau Electric Railroad Company.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS and THOMAS, JJ., dissent.

LATHAM, Respondent, v. LATHAM, Appellant. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by Constance C. B. Latham against Frederick G. Latham. N. Burkan, for appellant. N. Cohen, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

L'AVELLE, Respondent, v. EMERY et al., Appellants. (Supreme Court, Appellate Division, First Department. December 16, 1910.) Action by Antonino L'Avelle against Hilton F. Emery and another. A. C. Cass, for appellants. J. V. Bouvier, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

LAWLOR, Respondent, v. PUTNAM COAL & ICE CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Thomas J. Lawlor against the Putnam Coal & Ice Company. No opinion. Judgment and order unanimously affirmed, with costs.

LAWRENCE v. LAWRENCE. (Supreme Court, Appellate Division, First Department. December 9, 1910.) Action by Mary Lawrence against James H. Lawrence. No opinion. Motion granted. Case set down for argument Friday, December 16, 1910.

LAWRENCE, Respondent, v. LAWRENCE, Appellant. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by Mary Lawrence against James H. Lawrence. F. H. Reuman, for appellant. C. Milliber, for respondent. No opinion. Order

affirmed, with $10 costs and disbursements. Order filed.

LAWRENCE, Respondent, v. McINTOSH, Appellant. (Supreme Court, Appellate Division, Third Department. December 9, 1910.) Action by J. Duncan Lawrence against Robert McIntosh.·

PER CURIAM. Order affirmed, with $10 costs and disbursements.

SEWELL, J., not sitting.

LEHIGH VALLEY R. CO:, Respondent, v. AUBURN CONST. CO.; Appellant. (Supreme Court, Appellate Division, Fourth Department. January 18. 1911.) Action by the Lehigh Valley Railroad Company against the Auburn Construction Company. No opinion. Judgment and order affirmed, with costs.

LEVINE et al., Respondents, v. HERRSCHER, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Joseph Levine and another against Jacob Herrscher.

PER CURIAM. We think that the plaintiffs are entitled to recover so much of the interest on the first mortgage, and also so much of the taxes paid by them, as accrued prior to the date when defendant notified plaintiffs that he would not take title because of defects in the proceedings to foreclose the second mortgage. Order overruling demurrer affirmed, with costs.

LICCIONE v. COLLIER. (Supreme Court, Appellate Division, First Department. December 9, 1910.) Action by Joseph Liccione against Robert J. Collier. No opinion. Motion denied, with $10 costs. Order filed. See, also, 125 N. Y. Supp. 1128.

LINN, Respondent, v. GRABER et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Herman Linn against Samuel Graber and another. No opinion. Judgment of the Municipal Court affirmed, with costs.

LONDON REALTY CO. v. COLEMAN STABLE CO. et al. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by the London Realty Company against the Coleman Stable Company, impleaded with others. No opinion. Motion denied, with $10 costs. Order filed. See, also, 140 App. Div. 495, 125 N. Y. Supp. 410.

LOOMIS, Respondent, v. JACKSON et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 19, 1911.) Action by John R. Loomis, Jr., against Edgar R. Jackson and another.

PER CURIAM. Interlocutory judgment modified, so as to authorize the defendants to amend answer upon payment of costs at Special Term, and, as so modified, affirmed, with $20 costs in this court, which must also be paid as a condition to the defendant's right to amend answer.

LOWMAN v. PENNSYLVANIA STEEL CO. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Appeal from Special Term, Kings County. Action by William Lowman against the Pennsylvania Steel Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed. H. Snowden Marshall (Theodor Megaarden, on the brief), for appellant. John F. McIntyre (Edward Weiss, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, J. (dissenting). This is a common-law action brought by servant against master for personal injuries due to negligence. The master was the constructor of a bridge over waters. The servant at the time of the accident had quit work for the day, and was in a tugboat furnished by the master to carry his servants from one place to another for work and to take them from their homes and to them. The tug had gone but a short way from the dock when a plank fell from the bridge and struck the servant, who has recovered a judgment for the injuries thus inflicted. I think that the relation of master and servant continued at the time of this accident. Gillshannon v. Stony Brook Railroad Corporation, 10 Cush. (Mass.) 228, cited in Vick v. N. Y. C. & H. R. R. R. Co., 95 N. Y. 267, 47 Am. Rep. 36, which also see; Thompson's Comm. on Negligence, § 3751. The plank was one of a number which were to be laid for a temporary flooring of the roadway of the bridge. Thirty of them were placed on a small flat push car 6 feet long and 4 feet wide. Crossties 7 feet in length had first been laid on the car, and these planks had been placed upon them. The load was about 2 feet high. Some of the planks were warped, so that the load was not as compact as if all were straight. Four of the defendant's servants unloaded the car, and of them Tinnesberg testifies that they had unloaded about one-third of the planks, when two or three fell off the car. He further testifies that he did not know "who knocked them over," that somehow or another they fell over, and that "there was no one else there to do it except one of us four men." The learned trial court, without objection on the part of the plaintiff, submitted to the jury the sole question of the omission of the defendant to place stanchions on the car. The master is bound to furnish only such a machine or appliance as is reasonably safe and proper, inasmuch as he is liable, not for error of judgment but for negligence. Harley v. Buffalo Car Manufacturing Co., 142 N. Y. 31, 36 N. E. 813; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Burns v. Old Sterling I. & M. Co., 188 N. Y. 175, 80 N. E. 927; Quigley v. Levering, 167 N. Y. 58, 60 N. E. 276, 54 L. R. A. 62. I think that the evidence for the plaintiff did not justify a conclusion of negligence in the omission to provide stanchions for the car. The plaintiff called but a single witness upon this question. He had been engaged for 16 years in bridge and structural iron work, and was in his own words an "all around man".