## MAHONEY v. LONG ISLAND R. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

RAILROADS (§ 297*)—COLLISION WITH CARS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a railroad company for injury to a trolley car passenger caused by defendant's train striking the car, evidence *held* insufficient to show that defendant was negligent.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 944–953; Dec. Dig. § 297.*]

Appeal from Trial Term, Kings County.

Action by Helen Mahoney against the Long Island Railroad Company and another. Judgment dismissing the complaint as to the named defendant, and plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Frederick S. Martyn, for appellant.
William C. Beecher, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J.  The general facts involved in this case are not materially different from those appearing in Johnson v. Long Island Railroad Company, 142 App. Div. 948, 127 N. Y. Supp. 1126, and Reid v. Long Island Railroad Company, 144 App. Div. 267, 128 N. Y. Supp. 1074. In the prior cases the flagman, employed by the defendant, was called as a witness and gave material evidence. In the case at bar the flagman was not called. The plaintiff called, among her witnesses, the conductor of the Coney Island & Brooklyn Railroad, who had the car in charge which was run into by the Long Island Railroad Company's dirt train, and this witness testified that the trolley car in his charge approached to within 20 or 25 feet of the crossing; that he got off from the car, as provided by the rules of his company, and ran forward to the track of the defendant, and looked in both directions; that he saw the defendant's work train about 200 or 300 feet away, apparently standing still, and that he immediately signaled the trolley car to come on; that the car started, attaining a speed about as fast as a horse would trot, and, when it had reached the crossing, it was run into by the defendant's work train. The evidence was to the effect that the conductor did not speak to the flagman, who appears to have been occupying a place in the middle of the street, at or near the intersection of the trolley tracks with those of the defendant's railroad, waving a white flag, with a red flag folded up behind him. The record does not show the significance of the waving of the white flag, but the point does not seem to be material, for the plaintiff's own witness, the conductor, testifies that he went upon the track and made his observations, as it was his duty to do, and that he did not depend upon the flagman; that "I depended entirely upon my own observation in the operation of my car and the handling of my car."

There certainly was no evidence that the defendant's flagman was not giving the proper signals under the circumstances. The trolley car was at a standstill, and the evidence clearly discloses that he had nothing to do with its operation; that the conductor of the trolley car did not depend upon him in any measure for the operation of the train, and if the trolley car was not moving, but had stopped at a safe point, it was proper for the flagman to signal the defendant's work train to come forward, and he had no reason to assume that the conductor would bring his car up into a position of danger, for it must be obvious, from what occurred, that the defendant's train could not have been at a standstill 200 or 300 feet away when the conductor looked, or it could not have got under motion and traveled that distance while the trolley car was traversing 20 or 25 feet at a speed equal to a horse trot, even though it should be a very slow trot. It was not negligent for the defendant to operate its work train over this crossing under the circumstances disclosed by the evidence. It had a flagman there who was giving signals. No suggestion is made that he was incompetent, nor is there any evidence that the signal which he gave was not the proper signal under the circumstances, and the rate of speed at which the defendant's train was being operated was of no consequence if the conductor of the trolley car had

not signaled his car to come from a position of safety into one of danger—into the presence of a danger which must have been entirely obvious if he in good faith made the examination which it was his duty to make before giving the signal to come forward to his motorman.

The evidence did not justify sending the case to the jury, in so far as the defendant-respondent is concerned, and the motion for a nonsuit was properly granted.

The judgment should be affirmed, with costs.  All concur.