### In re POST & DAVIS CO.

#### (Circuit Court of Appeals, Second Circuit. December 15, 1914.)

#### No. 43.

CORPORATIONS ☞426—CHATTEL MORTGAGES—EXECUTION—REQUISITES—STATUTES.

> Stock Corporation Law N. Y. (Consol. Laws, c. 59) § 6, provides that a corporate mortgage, except for purchase money, must be consented to by the holders of not less than two-thirds of the corporate stock, which consent must be given at a special meeting of the stockholders called for the purpose, upon the same notice as that required for the annual meetings of the corporation; and a certificate under seal of the corporation that such consent was given by the stockholders in writing, or that it was given at a vote at a meeting as aforesaid, shall be subscribed and acknowledged by the president or vice president, and by the secretary or assistant secretary, and shall be filed and recorded in the office of the clerk or register of the county wherein the corporation has its principal place of business. *Held*, that subsequent action or inaction of stockholders cannot take the place of previous action under such statute, and hence a chattel mortgage executed by a corporation without the required consent properly evidenced was invalid and could not be ratified.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. ☞426.]

Petition to Revise and Appeal from Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal by the trustee in bankruptcy and petition to revise an order of the District Court, Southern District of New York, directing him to turn over to Libbie Buggeln, the respondent, the proceeds of a sale of certain chattels claimed by her under a chattel mortgage made by the corporation to Elizabeth Post, the wife of its president and by her assigned to the respondent.

J. J. Lesser, of New York City, for appellant.

A. A. Wheat, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Three objections to the chattel mortgage were urged by the trustee. First. That there was no consideration proved. Second. That the mortgage had not been kept alive as a lien by proper refiling under the statutes. Third. That it was invalid because it was not executed in compliance with section 6 of article 2

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the Laws of 1909 (Consolidated Laws, c. 59). All three objections were overruled by the Special Master and the District Court. The last objection only need be here considered.

The statute referred to reads as follows:

"Every stock corporation * * * may mortgage its property and franchises to secure the payment of such obligations, or of any debt contracted for said purposes. Every such mortgage, except purchase money mortgages and mortgages authorized by contracts made prior to May first, eighteen hundred and ninety-one, shall be consented to by the holders of not less than two-thirds of the capital stock of the corporation, which consent shall be given either in writing or by vote at a special meeting of the stockholders called for that purpose, upon the same notice as that required for the annual meetings of the corporation; and a certificate under the seal of the corporation that such consent was given by the stockholders in writing, or that it was given by vote at a meeting as aforesaid, shall be subscribed and acknowledged by the president or vice president and by the secretary or an assistant secretary, of the corporation, and shall be filed and recorded in the office of the clerk or register of the county wherein the corporation has its principal place of business."

It is conceded that the execution of the chattel mortgage was not consented to in writing at any time by the holders of not less than two-thirds of the capital stock, nor by a vote at a special meeting called for that purpose—nor indeed at any meeting—and that no certificate was filed and recorded in the office of the county clerk. It was not a purchase money mortgage.

There is testimony from which the Special Master found that the three stockholders, who held practically all the shares, were aware of or participated in the preparation of the chattel mortgage and after it was filed did nothing to attack it. He reached the conclusion, as did the District Judge, that any irregularities as to the original execution of the mortgage were cured by the subsequent action or inaction of the stockholders; that there was a substantial consent by the directors and stockholders or a subsequent ratification by them, which would make the provisions of the statute inapplicable.

The language of the statute is most clear and specific; manifestly it was made so to accomplish some purpose. That purpose is very plainly indicated on the face of the statute; it substitutes for mere oral expressions of assent, casually given it may be, an orderly permanent record which can be referred to. The provision, in the language of the New York Court of Appeals, "involves an application to the stockholders, and, on their part, consideration, judgment, and final determination, and, on the part of the assenting stockholders, a written expression of their conclusion." Rochester Bank v. Averell, 96 N. Y. 475. The same court has been liberal in its construction of the statute as to details of compliance. Thus in Greenpoint Sugar Co. v. Whitin, 69 N. Y. 335, a written assent was held good, although it did not itself state the amount of the debt which it was given to secure; the court saying "the defendant could not have been misled. The consent * * * was ample to put him on inquiry." In Rochester Savings Bank v. Averell, supra, it was held that a mortgage dated January, 1874, and invalid when originally filed because of the absence of any written assent, was validated by the signing of such an assent in No-

vember, 1894; the mortgage being then reacknowledged. "Such assent," says the court, "makes the instrument, as of the time it was given, a valid mortgage." It has also been held that a court of equity will enforce a mortgage given by a corporation without the written assent, where the mortgage is given by the corporation pursuant to a valid agreement made by it to give the mortgage, and in consideration of which agreement and in reliance upon which, the mortgagee gave property or other valuable consideration to the corporation. Paulding v. Chrome Steel Co., 94 N. Y. 340; Hamilton Trust Co. v. Clemes, 163 N. Y. 423, 57 N. E. 614; Black v. Ellis, 197 N. Y. 402, 90 N. E. 958. Such mortgages are of the same type as the "purchase-money mortgages," which the statute itself expressly excludes from the operation of the section above quoted. The mortgage in the case at bar is not of this type; it was given to secure past indebtedness for moneys loaned from time to time during the five preceding years.

To hold that written assent of two-thirds of the stockholders may be dispensed with in this case would go much further than any decision of the New York Court of Appeals to which we have been referred or which we have found. There is no pretense that any written assent was ever signed, or that it was ever voted at any stockholders' meeting, special or general. If the statute had been so construed by the state court of last resort, we should follow its construction of the state statute; but until such a decision is cited, we are unwilling to fritter away the specific provisions of an act which manifestly were put there to accomplish a plain purpose. Respondent finds support for her contention in Black v. Ellis, 129 App. Div. 140, 113 N. Y. Supp. 558, but that cause was decided by a divided court, and we are in accord with the views as to the construction of this statute expressed by the minority. Black v. Ellis was affirmed in the Court of Appeals (197 N. Y. 402, 90 N. E. 958), but on another ground.

The order is reversed.