### In re ASTELL ENGINEERING & IRON WORKS, Inc.

(District Court, E. D. New York.  November 12, 1921.)

Corporations ⊂⇒477(6)—Chattel mortgage given without written consent of holders of two-thirds of stock void, under New York statute.

A chattel mortgage executed by a New York corporation, but without the written or recorded consent of the holders of two-thirds of the stock, as required by New York Stock Corporations Law, § 6, *held* void.

In Bankruptcy. In the matter of the Astell Engineering & Iron Works, Inc., bankrupt. On motion of trustee to confirm report of special commissioner, holding chattel mortgage by bankrupt void. Granted.

Abraham L. Doris, of New York City, for the motion.
James S. Regan, of New York City, opposed.

GARVIN, District Judge. The trustee in bankruptcy has moved to confirm the report of a special commissioner holding a chattel mortgage executed by the bankrupt null and void. While the application to have the mortgage declared void was based on four grounds, two were waived, and a third raises no serious question, leaving only the fourth, which will be now considered.

The trustee claims that the mortgage was void because of failure to obtain the consent of two-thirds of the stockholders, as required by section 6 of the New York Stock Corporation Law (Consol. Laws, c. 59), which is as follows:

"Every stock corporation * * * may mortgage its property and franchises to secure the payment of such obligations, or of any debt contracted for

said purposes. Every such mortgage, except purchase-money mortgages and mortgages authorized by contracts made prior to May 1, 1891. shall be consented to by the holders of not less than two-thirds of the capital stock of the corporation, which consent shall be given either in writing or by vote at a special meeting of the stockholders called for that purpose, upon the same notice as that required for the annual meetings of the corporation, and a certificate under the seal of the corporation that such consent was given by the stockholders in writing, or that it was given by vote at a meeting as aforesaid, shall be subscribed and acknowledged by the president or a vice president and by the secretary or an assistant secretary, of the corporation, and shall be filed and recorded in the office of the clerk or register of the county wherein the corporation has its principal place of business."

A special meeting of the board of directors of the bankrupt was held January 19, 1921, at which were present Richard S. Groves, George Brown, and James S. Regan. The capital stock of the bankrupt consisted of 200 shares of common stock, par value $100 each, of which Regan held 4 shares, Brown 78, and Groves 118, of which latter number 5 were later transferred to Frank Groves:

Whatever confusion or conflict of authority may be revealed by an examination of earlier decisions, section 6, supra, has been construed by this circuit in the Matter of Post, 219 Fed. 171, 135 C. C. A. 69, where the court observes:

"The language of the statute is most clear and specific; manifestly it was made so to accomplish some purpose. That purpose is very plainly indicated on the face of the statute; it substitutes for mere oral expressions of assent, casually given it may be, an orderly permanent record which can be referred to. The provision, in the language of the New York Court of Appeals, 'involves an application to the stockholders, and, on their part, consideration, judgment, and final determination, and, on the part of the assenting stockholders, a written expression of their conclusion.' Rochester Bank v. Averell, 96 N. Y. 475. The same court has been liberal in its construction of the statute as to details of compliance. Thus in Greenpoint Sugar Co. v. Whitin, 69 N. Y. 335, a written assent was held good although it did not itself state the amount of the debt which it was given to secure: the court saying: 'The defendant could not have been misled. The consent * * * was ample to put him on inquiry.' In Rochester Savings Bank v. Averell, supra, it was held that a mortgage dated January, 1874, and invalid when originally filed because of the absence of any written assent, was validated by the signing of such an assent in November, 1894: the mortgage being then reacknowledged. 'Such assent,' says the court, 'makes the instrument, as of the time it was given, a valid mortgage.' It has also been held that a court of equity will enforce a mortgage given by a corporation without the written assent, where the mortgage is given by the corporation pursuant to a valid agreement made by it to give the mortgage, and in consideration of which agreement and in reliance upon which, the mortgagee gave property or other valuable consideration to the corporation. Paulding v. Chrome Steel Co., 94 N. Y. 340; Hamilton Trust Co. v. Clemes, 163 N. Y. 423, 57 N. E. 614; Black v. Ellis, 197 N. Y. 402, 90 N. E. 958. Such mortgages are of the same type as the 'purchase-money mortgages,' which the statute itself expressly excludes from the operation of the section above quoted. The mortgage in the case at bar is not of this type; it was given to secure past indebtedness for moneys loaned from time to time during the five preceding years. To hold that written assent of two-thirds of the stockholders may be dispensed with in this case would go much further than any decision of the New York Court of Appeals to which we have been referred or which we have found. There is no pretense that any written assent was ever signed, or that it was ever voted at any stockholders' meeting, special or general. If the statute had been so construed by the state court of last resort, we should follow its construction of the state statute; but until such a decision is cited, we are unwilling to fritter away the specific provisions of

an act which manifestly were put there to accomplish a plain purpose. Respondent finds support for her contention in Black v. Ellis, 129 App. Div. 140, 113 N. Y. Supp. 558, but that cause was decided by a divided court, and we are in accord with the views as to the construction of this statute expressed by the minority. Black v. Ellis was affirmed in the Court of Appeals (197 N. Y. 402, 90 N. E. 958), but on another ground."

The learned commissioner has found as a fact, after hearing the testimony, that the mortgage was given without the written consent of two-thirds of the stockholders at the meeting aforesaid or at any other time. There is ample justification for this finding, and the court sees no reason for reaching a different conclusion.

The mortgagee, upon the argument, urged that the mortgage was good, having been given pursuant to a valid contract, duly made by the bankrupt with the mortgagee, in consideration of which and in reliance upon which the latter advanced money to the bankrupt, citing Black v. Ellis, 129 App. Div. 140, 113 N. Y. Supp. 558, Hamilton Trust Co. v. Clemes, 163 N. Y. 423, 57 N. E. 614, and Matter of Post, supra. This point does not appear to have been passed upon by the commissioner, but I have examined the record in order to ascertain whether the claim is justified. No such contract was proved to have been made.

Motion to confirm report of special commissioner granted