## In re CONSTANTINE TOBACCO CO.

(Circuit Court of Appeals, Second Circuit.   April 9, 1923.)

### No. 251.

1. **Bankruptcy ⊜⇒458—Matters cannot be urged on appeal which were not raised below.**

  In proceeding to set aside chattel mortgage executed by bankrupt corporation, the argument that the mortgage was given under circumstances obnoxious to Stock Corporation Law N. Y. § 66, as a transfer of property ultimately to an officer of bankrupt, made at a time when the bankrupt had refused to pay some of its notes or other obligations when due, cannot be raised for the first time on appeal.

2. **Corporations ⊜⇒477(6)—Execution of chattel mortgage held to comply with law as to consent of stockholders.**

  Chattel mortgage executed by corporation, and which had been duly authorized by the requisite stockholding interest at a meeting duly held, the mortgage itself being signed on behalf of the bankrupt by the president, who was the sole shareholder of record; except for a few qualifying shares, and the actual owner of the entire capital stock, sufficiently complied with Stock Corporation Law N. Y. § 6, though there was no separate consent in writing by the holders of two-thirds of the capital stock duly subscribed, acknowledged, and filed, as required by such statute.

3. **Corporations ⊜⇒477(6)—Failure to file consent of shareholders to corporate mortgage does not invalidate mortgage, where such consent actually given.**

  Under Stock Corporation Law N. Y. § 6, requiring that, to render valid a chattel mortgage of corporate property, there must be a separate consent in writing by holders of not less than two-thirds of the capital stock, duly subscribed, acknowledged, filed, and recorded in the office of the proper county clerk or register, a mortgage otherwise complying with the statute is not invalid for failure to file the required consent, where in fact the consent of the requisite number of shareholders was given; the purpose of the statute being the protection of the shareholders from mortgages created without their knowledge, and the proof of their consent not being restricted to the mode prescribed by the statute.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the Constantine Tobacco Company, bankrupt. Petition by John L. Lyttle, as trustee, etc., to have declared invalid a chattel mortgage executed by the bankrupt. From an order declaring the mortgage valid, so far as for contemporaneous advancements, trustee appeals. Affirmed.

The bankrupt corporation executed and filed a chattel mortgage in proper form, except that there was not a separate consent in writing by the holders of not less than two-thirds of the capital stock of the corporation, duly subscribed and acknowledged and filed and recorded in the office of the proper county clerk or register. The mortgage in question, however, was in point of fact duly authorized by the requisite stockholding interest at a meeting duly held, and the mortgage itself was signed on behalf of the bankrupt by the president thereof, who was the sole shareholder of record, except for a few qualifying shares, and the actual owner of the entire capital stock. The court below held that this was a sufficient compliance with section 6, Stock Corporation Law of New York, and declared the mortgage valid for so much

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thereof as represented moneys contemporaneously advanced to the bankrupt corporation and used for corporate purposes. The trustee took this appeal.

John S. Wise, Jr., of New York City, for appellant.

David W. Kahn, of New York City, opposed.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). In this court, argument for appellant largely rests on the assertion that the mortgage was given under circumstances rendering it obnoxious to section 66 of the Stock Corporation Law of New York, because the execution and delivery of the mortgage amounted to a transfer of a part of its property ultimately to an officer of the bankrupt corporation, and was made at a time when said corporation had, in the language of the act, "refused to pay [some] of its notes or other obligations when due."

[1] We have examined the record sufficiently to reach belief that the point is not well taken on the proven facts; but we decline to discuss the matter further than to point out that the argument is not open to appellant, because this whole matter rests in point of form on appellant's petition to the lower court seeking to have the chattel mortgage in its entirety invalidated. In that petition the reasons for alleged invalidity are specifically enumerated, to wit, that the mortgage amounted to a hindering, etc., of creditors, and to an unlawful preference, using the language of the Bankruptcy Act,[1] and that it was obnoxious to section 6 of the Stock Corporation Law. Such a petition is a pleading, and to it the pleader must be bound. The point with regard to section 66 is not mentioned in the petition, and so far as we can discover from the opinions of both referee and District Judge was never mentioned in the court below. On familiar principles the matter is not to be raised for the first time in an appellate tribunal.

[2, 3] The question with regard to section 6 of the Stock Corporation Law is one wholly of New York law. It is not denied that this mortgage was valid under Black v. Ellis, 129 App. Div. 140, 113 N. Y. Supp. 558, affirmed 197 N. Y. 402, 90 N. E. 958. The point of that decision is that, where the consent of the requisite number of shareholders was in fact given, and was also proved, the spirit, if not the letter, of the statute was complied with. The matter has been examined not infrequently under the Bankruptcy Act, and the case just cited adhered to or found inapplicable in the following decisions: G. V. B. Mining Co. v. Bank, 95 Fed. 23, 36 C. C. A. 633; Karasik v. People's Trust Co., 252 Fed. 337, 164 C. C. A. 261, affirming (D. C.) 252 Fed. 324; In re Post, 219 Fed. 171, 135 C. C. A. 69; In re Astell, etc., Works (C. C. A.) 284 Fed. 967.

It is now suggested that the New York courts in Leffert v. Jackman, 227 N. Y. 310, 125 N. E. 446, have departed from the rule of the Black Case. We do not think that such change of view has taken place. In the Leffert Case it was found as a fact that the necessary consent of shareholders had not been obtained. There has been no departure from the rule, now of considerable antiquity, that there must

[1] Comp. St. §§ 9585-9656.

be such consent, but that the evidence thereof is not confined to the particular mode of production specified in the statute. Of course, the reason for this rule is the reason of the statute, viz. to protect the shareholders of the corporation from mortgages created without their knowledge. It is not the object of the statute to furnish to corporate creditors a weapon against another and perhaps equally deserving creditor. This is true, although the right of the trustee in bankruptcy to use the stockholders' right is also admitted.

The remarks of this court in Re Post, supra, expressing agreement with the dissent in Black v. Ellis, supra, must be now regarded as obiter.

Order affirmed, with costs.