In the Matter of the Voluntary Dissolution of THE ENDICOTT LAUNDRY COMPANY, INC.

Supreme Court, Broome County, December 29, 1926.

Corporations — mortgages — claim against receiver of dissolved corporation to have mortgages declared liens upon property of corporation — first mortgage was executed by officers of corporation without consent of two-thirds of stockholders thereof in violation of Stock Corporation Law of 1909, § 16 — second mortgage executed after stockholders representing more than two-thirds of capital stock outstanding assented to transaction — equity will deem mortgages to be valid lien upon property and estop stockholders from denying validity — trust company holding mortgage as collateral security may collect said mortgage by virtue of its assignment.

A mortgage upon the real property of a dissolved corporation authorized without the consent of two-thirds of the stockholders thereof, in violation of section 16 of the Stock Corporation Law of 1909, is a valid and subsisting first lien upon the premises of the corporation, where it appears that on the same day that directors of the corporation, representing less than two-thirds of the outstanding stock, voted for the resolution authorizing said mortgage, they adopted a second resolution providing for the execution of a second mortgage to a stockholder holding 112 shares, so that the holders of more than two-thirds of the outstanding stock of the company participated in the transaction, for, in the absence of any evidence of fraud or bad faith, equity will regard the stockholders representing more than two-thirds of the capital stock outstanding participating in the loan, as having consented to the transaction, and as such they must be

estopped from disputing its validity; said second mortgage which was subsequently assigned to a trust company must be held to be a valid and subsisting lien, second and subordinate only to the aforesaid first mortgage upon the same ground.

Notwithstanding the fact that said trust company holds the second mortgage only as collateral security for the payment of certain notes given it by the directors of the corporation, the receiver will not be heard to question its right to collect said mortgage under the assignment where all the parties interested in said mortgage are before the court, since the rights and interests of the said parties may be adjusted at the time of the final distribution of the proceeds, if said parties are unable to agree among themselves as to the amount payable to each.

CLAIMS against receiver appointed in proceeding for voluntary dissolution of corporation which are disputed in so far as they seek to establish mortgages upon the property of the corporation.

*Thomas A. MacClary,* receiver, in person.

*Bruce L. Babcock,* attorney for State Bank of Endicott; also for Leslie H. Baxter as trustee for Donald C. Morgan, Clark E. Bennett, George H. Nichols, Daniel Fruitiger and himself, and for said parties individually; also for Workers Trust Company.

RHODES, J.   The questions here involved concern two separate and distinct claims which have been presented to the receiver, which claims he has disputed in so far as they seek to establish mortgages upon the property of the above-named laundry company. As to each claim the parties interested therein have stipulated certain facts and upon these facts have submitted the controversy to the court for determination.

The first claim to be considered is that of the State Bank of Endicott, which asserts that it holds a mortgage upon the real property of the laundry company, and asks to have said mortgage declared a first lien thereon.   The receiver has rejected said claim in so far as it seeks to establish the validity of the mortgage, basing his rejection upon the ground that the giving of said mortgage was never authorized by two-thirds of the stockholders as required by section 16 of the Stock Corporation Law of 1909.   It is true that two-thirds of the stockholders did not expressly consent to the giving of the mortgage either in writing or at a meeting duly called for that purpose; neither was there ever filed any certificate showing the giving of such consent, as required by said section.

The certificate of incorporation of the laundry company provided, among other things, for the payment for property " in cash, stock, bonds, debentures or other securities of the corporation or otherwise."   The corporation was organized in 1920 and at a special meeting of the board of directors thereof held on the 15th day of July, 1920, at which there were present five of the seven

directors of said company, no stock of the company having then been issued, a general resolution was adopted authorizing the proper officers of said company to effect loans and advances for the corporation from the Farmers National Bank of Union, the State Bank of Endicott, or the Workers Trust Company of Johnson City, and for such loans to execute and deliver promissory notes or other written obligations or evidences of indebtedness of the corporation and as security for said loans to " pledge, hypothecate and assign, transfer, endorse and deliver any and all securities, commercial paper, bills receivable, accounts receivable, claims or any other property " of the corporation, the directors then present and voting for said resolution being George H. Nichols, Ralph E. Gladding, Donald C. Morgan, Clark E. Bennett and Leslie H. Baxter. Thereafter and on the 14th day of April, 1921, a special meeting of the board of directors was held at which there were present George H. Nichols, Elmer V. Lacey, Clark E. Bennett, Donald C. Morgan and Leslie H. Baxter, and the following resolution was then unanimously adopted:

"*Resolved,* That the Gladding Laundry Company, Inc., borrow of the State Bank of Endicott, the sum of Fifteen Thousand Dollars, ($15,000.00), on first mortgage on the real property of the Corporation situate on the south side of Railroad Street (formerly Union) and that the President and Secretary be and they hereby are authorized and directed to execute the necessary bond and mortgage therefor and are also directed to attach thereto the corporate seal of the said Corporation of the execution thereof."

The directors present and voting for said resolution were the owners of 231 shares of stock, there being issued and outstanding 395 shares. It thus appears that the directors present and voting at said meeting did not represent two-thirds of the outstanding stock. On the next day a bond and mortgage of said corporation executed by the proper officers was made and delivered to the State Bank of Endicott as security for the payment of the sum of $15,000, and said bank advanced thereupon to said corporation the sum of $15,000 in cash and there is due thereon the sum of $15,000 principal with interest from the 13th day of December, 1924.

It has frequently been held that the provision requiring the consent of stockholders to the mortgaging of corporate property is for the protection of the stockholders against improvident, collusive or other unwise acts of the trustees, the governing body of the corporation, in incumbering the property. (*Rochester Savings Bank* v. *Averell*, 96 N. Y. 467; *Atlantic Trust Co.* v. *Crystal Water Co.*, 72 App. Div. 539; *Matter of Wendler Machine Co.*, 2 id. 16; *Greenpoint Sugar Co.* v. *Whitin*, 69 N. Y. 328; *Lord* v. *Yonkers Fuel*

*Gas Co.*, 99 id. 547.)  If the mortgage had been properly consented to, no subsequent creditor could have been heard to complain concerning the giving of the mortgage.  The mortgage was recorded in the Broome county clerk's office on the 18th day of April, 1921, and thereupon became constructive notice of the lien, and was sufficient to put subsequent creditors and lienors on inquiry to ascertain what the facts were.  (*Greenpoint Sugar Co.* v. *Whitin, supra.*)  It must be conceded that the statute was not complied with as to the required assent of the stockholders as to the giving of the mortgage.  Nevertheless, upon equitable principles I think the mortgage must be held to be a valid lien upon the property.  The corporation, so long as it holds the benefit of any property acquired under the mortgage, is estopped from raising the point (*Atlantic Trust Co.* v. *Crystal Water Co., supra*), and the stockholders who participated in the steps leading up to the procuring of a loan should not be heard to question their failure to grant the required statutory assent.  (*Hamilton Trust Co.* v. *Clemes*, 163 N. Y. 423; *Castle* v. *Lewis*, 78 id. 131; *Seymour* v. *S. F. C. Assn.*, 144 id. 333; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 125 id. 263.)

It appears that prior to the execution of said mortgage, directors owning 231 shares of the stock issued and outstanding adopted the resolution in favor of said mortgage as above set forth.  At the same time they adopted a further resolution providing for the execution of a second mortgage in the sum of $10,000 to Ralph E. Gladding, then general manager of the company, as security for the purchase price of certain personal property and also as security for certain claims which Gladding held against said company.  The resolution for the giving of the second mortgage was unanimously adopted by the five directors present, the arrangement being that said mortgage should be subordinate to the mortgage of the State Bank of Endicott.  A bond and mortgage was thereupon executed to Gladding for the sum of $10,000, bearing date the 18th day of April, 1921, recorded in the Broome county clerk's office April 27, 1921.  The said mortgage to Gladding recites that it is given and accepted subject to the terms and conditions of the said prior mortgage given by said corporation to the State Bank of Endicott to secure the payment of the sum of $15,000.  Gladding, at the time of the adoption of said resolution and of the execution of the mortgage to him, was the owner of 112 shares of stock of the company.  The number of shares held by him together with the number of shares held by the five directors who voted for the adoption of the resolution authorizing the mortgages totaled 343 shares of the 395 shares issued and outstanding.  It thus appears that the holders of more than two-thirds of the outstanding capital stock of the company

participated in the transaction by which the State Bank was induced to make the loan secured by the mortgage. The original resolution adopted by the directors before any stock was issued was not by its terms broad enough to authorize the execution of a mortgage if the rules of *ejusdem generis, noscitur a sociis* and *expressio unius* be applied, because such resolution authorized the pledging of all securities, commercial paper, bills receivable, accounts receivable, claims, *"or any other property."* The class of property enumerated, being personal property, the phrase " or any other property " would be held to be limited to property of that description. But the resolution was adopted by the directors for the purpose of procuring loans and it seems to me should be construed most strongly against those adopting it, at least in so far as it evidences an intent to authorize the doing of any act necessary to procure such loans. There is no evidence of any fraud or bad faith. The bank has parted with its money. The stockholders representing more than two-thirds of the capital stock outstanding participating in the transaction inducing the making of the loan should be held to have consented thereto and should be estopped from disputing the validity of the mortgage to the State Bank. The mortgage should, therefore, be held to be a valid and subsisting first lien on the premises of the corporation.

As to the claim concerning the mortgage held by the Workers Trust Company for $10,000, which was originally issued to Ralph E. Gladding and which was thereafter assigned by said Gladding to Leslie H. Baxter as trustee for Donald C. Morgan, Claude E. Bennett, George H. Nichols, Daniel Fruitiger and himself individually and thereafter assigned by said Leslie H. Baxter as trustee to said Workers Trust Company, the facts have been sufficiently set forth herein to show the situation surrounding the transaction. The same facts and arguments which apply to establish and uphold the validity of the making of the mortgage of $15,000, held by the State Bank of Endicott, also establish the validity of said mortgage now held by the Workers Trust Company. The same principle of estoppel which precludes any question as to the validity of the first mortgage also applies in favor of the mortgage of the Workers Trust Company and said mortgage should, therefore, be declared to be a valid and subsisting lien, second and subordinate only to the mortgage of $15,000 held by the said State Bank of Endicott.

The receiver in rejecting said claims relied upon the authority of *Leffert* v. *Jackman* (227 N. Y. 310). That was an action brought by a general assignee of the corporation for the benefit of creditors against the mortgagee of a corporation to have such mortgage

27

adjudged illegal and void and to have the same canceled of record because it had not been consented to by the holders of not less than two-thirds of the capital stock. The mortgage had been given to secure rent past due and in that case it appeared that the mortgage was not consented to by the requisite number of stockholders. In fact at the time of the execution of the mortgage the mortgagee was informed that it would not be possible to obtain the required statutory consent and it does not appear that two-thirds of the stockholders participated in the transaction or were estopped in any manner from questioning the validity of the mortgage. The same may be said of the case of *Vail* v. *Hamilton* (85 N. Y. 453), which was an action to set aside and cancel a mortgage invalid because not authorized by two-thirds of the stockholders, and to compel a reconveyance of certain properties which had been transferred by the corporation to the mortgagee. The question estoppel did not appear in said action. In the case of *Lord* v. *Yonkers Fuel Gas Co.* (*supra*) the action was brought to foreclose a corporate mortgage wherein holders of more than two-thirds of the capital stock had consented to a mortgage covering real and personal property but had not consented to a mortgage upon its rights, privileges and franchises. It did not appear that the stockholders had consented in any manner to the execution of a mortgage covering the rights, privileges and franchises, and nothing appeared to show any estoppel on the part of the stockholders. The mortgage, as given, covered not only the real property but also said rights, privileges and franchises, and it was held that the mortgage was invalid as to such rights, privileges and franchises. So far as I am aware in none of the cases cited in the case of *Leffert* v. *Jackman* (*supra*), wherein mortgages were held to be invalid, was the question of estoppel raised, neither were there any facts sufficient to establish such an estoppel.

The receiver also questions the right of the Workers Trust Company to collect said mortgage under and by virtue of its assignment as it holds said mortgage only as collateral security for the payment of certain notes given by said Morgan, Bennett, Nichols, Fruitiger and Baxter, but as all the parties interested in said mortgage are before the court, the rights and interests of the parties entitled to a portion of the mortgage proceeds can be adjusted at the time of the final distribution of the proceeds if the parties are unable to agree among themselves as to the amount payable to each.

The mortgages above referred to are, therefore, held to be valid and subsisting liens in the order of their priority as above set forth.