**In re JOSEPH.**
No. 13693.

District Court, W. D. New York.
Jan. 8, 1931.

H. H. Cohen, of Rochester, N. Y., for claimant.

Weldgen, Newton & Boyle, of Rochester, N. Y., for trustee.

ADLER, District Judge.

This is the review of an order of the referee in bankruptcy herein. The question involved is the validity of a chattel mortgage.

The facts appear to be that a chattel mortgage for $1,200 was made by the Ætna Food Importing Company, Incorporated, to the claimant. Before March 29, 1929, the stock control of the Ætna Food Importing Company was in Alvin E. Pfahl, the claimant herein. On March 29, 1929, he transferred his stock interest in the company to Kenneth L. Parks and some qualifying stockholders. On the same day Parks, as president of the company, executed the chattel mortgage in question to Pfahl, the consideration being a claim on the part of Pfahl for back salary. A month later, May 1, 1929, Parks transferred the stock control of the company to the bankrupt, and the petition in bankruptcy was filed on May 21, 1929.

The chattel mortgage in question covered certain fixtures in the possession of the bankrupt, and the trustee objects to the payment of the mortgage upon the ground that it is invalid, and that it does not comply with section 16 of the Stock Corporation Law of the state of New York (Consol. Laws, N. Y. C. 59). There was no consent in writing to the making of the mortgage by two-thirds of the total number of shares outstanding, nor was there a vote had at a meeting of the stockholders called for that purpose. Certificate of consent for the making of the mortgage was not filed and recorded in the county clerk's office, as required by the statute.

It is the contention of the claimant that, under the decision of Judge Hough in the case of In re Constantine Tobacco Company (C. C. A.) 290 F. 128, in which he cites Black v. Ellis, 129 App. Div. 140, 113 N. Y.

S. 558, 565, affirmed in 197 N. Y. 402, 90 N. E. 958, no formal meeting need be held and no written consent of stockholders need be obtained and filed; that the fact that two-thirds of the stockholders had consented is the essential thing.

I find upon examination of the authorities that in the Constantine Case the mortgage in question was in fact duly authorized by the requisite stockholding interest at a meeting duly held. In Black v. Ellis the chattel mortgage in question was held valid because it was a purchase-money mortgage with a covenant of renewal. The court did not apply the statute in this case, and said:

"The statute manifestly applies to creating a new incumberance on corporate property, not to keeping alive one existing on property acquired subject to mortgage and under agreement to continue as a valid and subsisting lien."

In the state of New York the law is well settled that the assent of stockholders is an indispensable condition to the creation of a valid mortgage. The leading case in that state is Vail v. Hamilton, 85 N. Y. 453. This case has been frequently cited and universally followed. Leffert v. Jackman, 227 N. Y. 310, 125 N. E. 446, follows the reasoning in Vail v. Hamilton, supra, and distinguishes Black v. Ellis.

The most recent case upon this point in this circuit is In re James, Inc., 30 F.(2d) 555, decided in 1929. In this case, in the opinion written by Judge Manton, the court states positively that the statutory provision requiring a consent by shareholders applies to chattel mortgages, and without such statutory authority the mortgage is void. The opinion cites In re Astell Engineering & Iron Works (D. C.) 278 F. 743, and Leffert v. Jackman, supra. It is contended on the part of the claimant that the James Case just cited and the Leffert Case do not apply, because in neither of these cases had the consent of shareholders been obtained. In both of these cases, however, and these are cases which by their authority we are called upon to follow, the principle or rule of law is stated unequivocally. In none of the cases which I have examined has the mortgage been held to be valid where there was not a due authorization of its execution by the requisite number of shares. In the Constantine Case both referred to and discussed, which is the case relied upon by the claimant, the only statutory requirement which was lacking was the separate consent of shareholders in writing, duly filed and recorded

with the county clerk. This case does not seem to have been followed in its statement of the rule by the most recent pronouncement of this same circuit in the case of In re James, Inc. In any event, the case under consideration here is not brought within the facts of the Constantine Case, because in this case there was no action taken by the shareholders either in writing or at a meeting of the company.

I find no case which goes so far as to hold that the execution of the chattel mortgage by an officer of the company, whatever his stock ownership may be, is a compliance in spirit with the statute. In fact, Leffert v. Jackman is distinctly authority for the proposition that, in order to make the transaction valid, something more than corporate action was required. In this case all that appears is that the mortgage was executed by Parks as an officer of the company.

My conclusion is that the chattel mortgage in question is void because it did not have statutory consent to its execution.

Upon review, the decision and order of the referee in bankruptcy is approved.