## In re VICTORIA FUSILLI CO., Inc.

### GAMALDI v. COLON.

### No. 40.

Circuit Court of Appeals, Second Circuit.
Nov. 12, 1935.

Harry I. Farbman, of New York City (Jacob L. Holtzmann, of New York City, of counsel), for appellant.

**612**

Morris E. Packer, of Brooklyn, N. Y., for trustee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

George Colon, the father of the appellant, owned and held, two of the shares being in the names of his nominees, one thousand of the shares of the capital stock of the bankrupt, a New York corporation, and was also a large creditor of the bankrupt for money loaned to it when application was made to him for an additional loan. The shares he owned constituted two-thirds of the entire capital stock of the bankrupt. He replied that he would lend the corporation no more money, but that if it would give his son, who is the appellant herein, a mortgage on its property, he would endeavor to persuade his son to make the loan desired. He then did arrange with his son to make the corporation a loan of $5,000, to be secured by a mortgage given by the corporation. In accordance with this arrangement, the loan was made and the mortgage given. Subsequently the son loaned the corporation additional money and took another mortgage, but we need concern ourselves only with the first mortgage, as that exceeds in amount the proceeds derived from a sale of the property free and clear of liens under a stipulation which gave to lienors such rights to the proceeds of the sale as they had in respect to the property sold.

Section 16 of the New York Stock Corporation Law (Consol. Laws, c. 59) provides as to mortgages of the kind in question in part as follows:

"The consent to the execution of such mortgage, except a purchase-money mortgage, by the holders of not less than two-thirds of the total number of shares outstanding entitled to vote thereon, given either in writing, or by vote at a meeting of the stockholders called for that purpose in the manner prescribed by section forty-five, shall be required. A certificate that such consent was given by the stockholders in writing, or that it was given by vote at a meeting as aforesaid, shall be subscribed, acknowledged and verified by the president or a vice-president and by the secretary or an assistant secretary of the corporation, and shall be filed and recorded in the office of the clerk or register of each county in which the mortgage is filed or recorded."

There was no compliance in terms with this statute for there was no written assent or formal vote of stockholders and no filing and recording of a certificate. But the actual consent of the stockholder owning two-thirds of the stock entitled to vote on the question of the giving of the mortgage was clearly shown. Indeed, the mortgage was given because he himself made that a condition precedent to his undertaking to obtain the loan the appellant made. Whether the mortgage given without formal compliance with statutory mode of proof of consent is void or not depends upon whether the statute is mandatory or directory merely. So far as we are advised, the highest court in New York has never decided that. When it does, we shall, of course, conform to its interpretation of a New York statute.

The Appellate Division in Black v. Ellis, 129 App. Div. 140, 113 N. Y. S. 558, held that, where actual consent to the execution of the mortgage by stockholders owning two-thirds of the shares entitled to vote was proved, the mortgage was not void though strict compliance with the statute was lacking. It should be noted, however, that the Court of Appeals affirmed this case on another ground, viz. that the mortgage in question was in effect a purchase-money mortgage to which the statute did not apply. See Black v. Ellis, 197 N. Y. 402, 90 N. E. 958. That court has held that, where the consent of stockholders holding the statutory number of shares was not given, the mortgage was void. Leffert v. Jackman, 227 N. Y. 310, 125 N. E. 446. And so have we. In re James, Inc. (C. C. A.) 30 F.(2d) 555; In re Astell Engineering & Iron Works (C. C. A.) 284 F. 967.

This court considered the effect of the statute in Re Post & Davis Co. (C. C. A.) 219 F. 171, where it was shown that three stockholders who held practically all the shares were aware of the execution of the mortgage and acquiesced and held that failure to conform to the statutory manner of giving and proving consent was fatal to the validity of the mortgage. But later in Re Constantine Tobacco (C. C. A.) 290 F. 128, 129, a situation was presented to this court

where, as here, the trustee of a bankrupt filed a petition to have a chattel mortgage declared void because of failure to comply with the statute, and it was shown that stock sufficient in amount had been duly voted in favor of the execution of the mortgage, but no certificate had been filed and recorded. The effect of the statute was again considered, and it was held, following Black v. Ellis in the Appellate Division, supra, that, where it was proved that holders of two-thirds of the stock entitled to vote had actually consented, the mortgage was valid. Judge Hough there said, in part:

"It is now suggested that the New York courts in Leffert v. Jackman, 227 N. Y. 310, 125 N. E. 446, have departed from the rule of the Black Case. We do not think that such change of view has taken place. In the Leffert Case it was found as a fact that the necessary consent of shareholders had not been obtained. There has been no departure from the rule, now of considerable antiquity, that there must be such consent, but that the evidence thereof is not confined to the particular mode of production specified in the statute. Of course, the reason for this rule is the reason of the statute, viz. to protect the shareholders of the corporation from mortgages created without their knowledge. It is not the object of the statute to furnish to corporate creditors a weapon against another and perhaps equally deserving creditor. This is true, although the right of the trustee in bankruptcy to use the stockholders' right is also admitted.

"The remarks of this court in Re Post, supra, expressing agreement with the dissent in Black v. Ellis, supra, must be now regarded as obiter."

Although the matter is not free from doubt, as was recognized in Re Riggi Bros. (C. C. A.) 42 F.(2d) 174, where the subject was mentioned merely as one of the circumstances justifying the confirmation of a composition, the deliberate conclusion reached in Re Constantine Tobacco Co., supra, in spite of our former decision in Re Post & Davis, supra, we think should be followed in this circuit until and unless the New York Court of Appeals holds that proof of consent to the execution of a corporate mortgage by holders of at least two-thirds of the shares entitled to vote can be made only by showing strict compliance with the statute regardless of the actual fact of consent. See, also, Karasik v. People's Trust Co. (D. C.) 252 F. 324, affirmed (C. C. A.) 252 F. 337.

Order reversed.