WATERMAN CORPORATION et al., Plaintiffs, v. JAMES M. JOHNSON et al., Defendants.

Supreme Court, Special Term, New York County, July 29, 1949.

*Delson, Levin & Gordon* for plaintiffs.

*James Lee Kauffman* for Waterman Corporation and others, plaintiffs.

*Leo B. Mittelman* for Waterman Corporation, plaintiff.

*Edwin McMahon Singer* for James Pine, plaintiff.

*Cravath, Swaine & Moore* for San-Nap-Pak Mfg. Co., Inc., defendant.

*Curtis, Mallet-Provost, Colt & Mosle* for International Utilities Corp., defendant.

*Sullivan & Cromwell* for Marine Midland Trust Company of New York, defendant.

*Schwartz & Frohlich,* attorneys (*Arthur H. Schwartz* and *Arthur Karger* of counsel), for Lowell M. Birrell and another, defendants.

*Boehm & Fischman* for Nathan Birnbaum and another, defendants.

*Baar, Bennett & Fullen* for Harry Preston, defendant.

*Edward J. Gould* for Nat E. Heit and another, defendants.

*Rein, Mound & Cotton* for Luis J. Botifoll, defendant.

*Abraham M. Glickman* for Securities Corporation General, defendant.

*Isidor J. Kresel* for Stewart B. Hopps, defendant.

*Milton S. Teicher* for Maxwell M. Teicher, defendant.

McNALLY, J. The letter of the attorneys for the defendant, Birrell, dated July 22, 1949, is dealt with as an application for reargument. The application is granted. On reargument the court's memorandum dated July 21, 1949, is recalled. The motion is, instead, disposed of as hereinafter set forth.

In a stockholders' derivative action, the defendant, Birrell, moves to dismiss the amended fifth cause of action for insufficiency, and for other alternative relief. The Appellate Division heretofore held the said cause of action to be insufficient and dismissed it with leave to amend. (275 App. Div. 106.) The amended pleading now attached purports to meet the deficiencies indicated by the Appellate Division. The plaintiffs' brief summarizes the holding of the Appellate Division as follows: " It will thus be seen that the Appellate Division found the fifth cause of action insufficient in three respects: first, there was no allegation of absence of consent of two-thirds of the preferred stockholders; second, no facts were pleaded showing that damage resulted from the transaction alleged; third, there was no showing that

the corporation received inadequate consideration for the debentures or that the action was harmful or illegal.''

The amended fifth cause of action alleges that on or about November 28, 1947, the subject corporation issued debenture bonds in the face amount of two and one-half million dollars; that the certificate of incorporation required the consent and the affirmative vote of two thirds of the outstanding preferred stock to create said indebtedness; that prior to November 28, 1947, the outstanding preferred shares were 50,000, of which 32,079 were owned and controlled by the defendants and that they acquired 1,400 additional shares during the month following the issuance of said bonds; that on December 31, 1947, the defendants owned and controlled 33,479 preferred shares, which was in excess of two thirds of the outstanding preferred shares; that '' the preferred stockholders did not vote upon or approve the issuance of the debenture bonds; the actual consent of the stockholders of two-thirds of the outstanding preferred stock was never obtained; and, in fact, control of 1,400 shares of preferred stock required to make up the balance of two-thirds of the outstanding preferred stock necessary to authorize the issuance of the bonds was not obtained by the defendants until December, 1947, after the debenture issue of November 28, 1947 ''.

The alleged conclusion in respect of lack of consent by the holders of two thirds of the outstanding preferred stock must give way to the allegations of fact. (*Kalmanash* v. *Smith*, 291 N. Y. 142, 155.) The factual allegations show ownership and control by the defendants prior to the bond issue of 32,079 shares of preferred stock and the acquisition by them within a month thereafter of the additional shares necessary to constitute two thirds of the outstanding shares of said stock. Reduced to its simplest terms, the claim asserted is that the corporation's charter provision is not satisfied unless the required consent antedates, or is concurrent with the issuance of the bonds. The court is not required to 'assume even for the sole purpose of passing on the sufficiency of the instant pleading that the defendants who own and control the required shares of preferred stock did not, in fact, consent to the bond issue when they acquired the necessary shares. Such an assumption would be contrary to the allegations contained in said pleading to the effect that the said bonds were issued pursuant to a conspiracy among them to so do.

Section 16 of the Stock Corporation Law, insofar as it requires the consent of two thirds the outstanding shares entitled to

vote therein to validate a mortgage on corporate property, aside from its formal requirements, is analogous to the charter provision here involved. It has been held that the statutory requirement is met when the assent postdates the mortgage. (*Rochester Sav. Bank* v. *Averell,* 96 N. Y. 467, 472, 473.) In *Leffert* v. *Jackman* (227 N. Y. 310, 316) the principle of the *Rochester* case (*supra*) was reaffirmed but amplified as follows: " In that case (*Rochester Savings Bank* v. *Averell*) the assent of stockholders was obtained before there were any intervening rights and the court held that the mortgage became valid as of the time when the assent was given." *Black* v. *Ellis* (129 App. Div. 140, affd. on other grounds 197 N. Y. 402) and *Matter of Victoria Fusilli Co.* (79 F. 2d 611) also are compelling authorities in favor of the right to ratify that to which the statute requires assent. There may be some doubt as to the efficacy of ratification in the absence of assent within the meaning of section 16 of the Stock Corporation Law. There can be no doubt, however, as to the equivalence of ratification and assent in respect of a charter requirement of consent such as is here involved. The statutory requirement is one of public policy which requires vindication above and beyond that which attends violation of internal corporate requirements. In the latter case it is enough to evaluate and award the damage consequent on noncompliance. To invalidate an act lacking in assent but thereafter ratified in a case such as this, would vindicate no perceptible public policy. Whatever rights are present in consequence of the disposition of the bonds without consideration to the corporation adequately are preserved in the sixth cause of action, the sufficiency of which heretofore has been sustained. (*Waterman Corp.* v. *Johnston,* N. Y. L. J., Jan. 4, 1949, p. 28, col. 1, mod. 275 App. Div. 106.) The motion to dismiss is granted.