BENJAMIN SHAPIRO and Another, Respondents, *v.* THE PEOPLES CO-OPERATIVE SOCIETY, INC., by SAMUEL KORN, as Trustee in Bankruptcy of the Estate of the PEOPLES CO-OPERATIVE SOCIETY, INC., and Others, Defendants.

SAMUEL KORN, etc., Appellant.

Supreme Court, Appellate Term, Second Department, October 31, 1924.

Corporations — mortgages — failure to obtain stockholder's consent under Stock Corporation Law of 1923, § 16 — validity of mortgage may be raised by trustee in bankruptcy — advancement of present value for mortgage does not except it from statute.

The validity of a mortgage, given by a corporation without the requisite consents of the stockholders required by section 16 of the Stock Corporation Law of 1923, may be raised by a trustee in bankruptcy of the corporation.

The fact that the mortgagees advanced present value for the mortgage does not take it without the provision of the statute requiring the consent of stockholders.

Appellate Term, Second Department, October, 1924. [Vol. 125

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Sixth District.

*Leon S. Dashew*, for the appellant.

*John C. Von Glahn*, for the respondents.

PER CURIAM:

Judgment unanimously reversed on the law, with thirty dollars costs to the appellant, and complaint dismissed, with appropriate costs in the court below.

The conclusion reached by this court in *Eureka* v. *Peerless*, Appellate Term, Second Department, Memoranda Decision, No. 609, June, 1922, Term, that a general or judgment creditor cannot take advantage of a failure to comply with the provisions of section 16 of the Stock Corporation Law of 1923, is not controlling here. The corporation, a receiver, or a general assignee for the benefit of creditors may raise the question. (*Leffert* v. *Jackman*, 227 N. Y. 310.)

Since a receiver or assignee for the benefit of creditors may raise the question, a trustee in bankruptcy may also raise it. (*Matter of Progressive Wall Paper Corp.*, 230 Fed. 171; *Matter of Astell Engineering & Iron Works*, 284 id. 967.)

We hold under the authority of *Leffert* v. *Jackman* (*supra*) that plaintiffs' mortgage is not without the provisions of the statute because they advanced present value for it.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.