MARYLAND CASUALTY COMPANY, Plaintiff, v. SCHAEFER CONSTRUCTION COMPANY and Others, Defendants.*

Supreme Court, Westchester County, February 15, 1930.

*Thomas J. Meehan*, for the plaintiff.

*Moers & Rosenschein*, for the defendant Saul Kauffman, as trustee.

*Edward J. Dowling*, for the Ætna Casualty and Surety Company.

TAYLOR, J. The effect of the stipulation herein, dated October 7, 1929, which is between the plaintiff and the defendant trustee in bankruptcy only, is to submit for determination to the court, upon certain facts stipulated or appearing from the form of the pleadings, the question whether the corporate mortgage below mentioned is a valid lien for any amount upon the defendant Schaefer Construction Company's real estate described therein.

---

* Affd., 232 App. Div. 766; 256 N. Y. 663.

The said defendant corporation is in bankruptcy; its trustee is the defendant Kauffman. The defendant Ætna Casualty and Surety Company does not appear to have joined in the stipulation, but, in view of the determination at which I have arrived, as below indicated, in relation to the plaintiff's mortgage, the omission of the said defendant Ætna Casualty and Surety Company to join, is of no moment, for that defendant, like the Schaefer Construction Company's trustee in bankruptcy, insists in its pleading, also, that the plaintiff's mortgage is void; and in express terms the stipulation provides that the determination of the issues as stipulated thereunder (as to plaintiff's mortgage) shall not affect the rights of the defendant-trustee and the said defendant Ætna Casualty and Surety Company as against each other. The effect of the stipulation, also, is that if the court decides that plaintiff's mortgage is valid, the amount due plaintiff thereunder, if any, shall be the subject of future determination, all which would be unnecessary if the invalidity of plaintiff's mortgage should be declared. The situation as between the plaintiff, the defendant Schaefer Construction Company and the said trustee in bankruptcy, Kauffman, reduced to its lowest terms, is as follows:

The plaintiff seeks to foreclose a deed, which concededly has the characteristics of a mortgage, dated January 18, 1918, executed by the defendant Schaefer Construction Company to the plaintiff, a surety company, for the purpose of indemnifying the latter for loss which plaintiff might sustain by reason of its execution of two bonds, not executed at the same time, each running to the city of Syracuse, as obligee, and each in effect guaranteeing to that municipality the faithful performance by the defendant Schaefer Construction Company of a contract for the construction of a school building in that city. The first bond was for $100,807, relating to the construction of the "Porter School;" the other was for $79,950, relating to the construction of the "Madison School" in Syracuse. The plaintiff's allegation — not now conceded to be correct — is that the loss to the plaintiff by reason of its said suretyship and representing, therefore, the amount due to the plaintiff upon said mortgage (deed) as of January 18, 1918, is $8,592.38, which amount, not conceded, would be the subject of future litigation and determination herein if the mortgage (deed) should be found to be valid. Herein the plaintiff seeks a judgment in effect (1) declaring that deed to be only a mortgage, (2) determining the amount due to the plaintiff thereon, and that the same is a valid lien upon the realty described in the instrument, and (3) directing the usual sale in foreclosure, and subsequent distribution of the proceeds of sale in satisfaction of the plaintiff's said claim, and otherwise. The defend-

ant Kauffman, trustee, counterclaims for the cancellation, by judicial fiat, of the said plaintiff's mortgage (deed), upon the ground that the same was and is void, because it was not executed in conformity with former Stock Corporation Law (Laws of 1909, chap. 61), section 6, present Stock Corporation Law (Laws of 1923, chap. 787), section 16, in that it was not consented to or authorized, either in writing or by vote, by the holders of not less than two-thirds of the total number of shares then outstanding of such Schaefer Construction Company, entitled to vote thereon, and that the certificate evidencing such vote or consent was not subscribed, acknowledged and verified, and filed and recorded as in said section provided. That none of these formalities obtained is admitted by plaintiff, who, however, through learned counsel, contends that other legal and/or equitable considerations make the said mortgage valid, notwithstanding such lack of formal consent of stockholders. In passing, I may state that I realize that the absence of the certificate in question would present no bar to plaintiff's recovery, if the statutory consent had actually been given. After very careful consideration, which includes a detailed study of the learned briefs, I decide that the defendant-trustee's contention is correct, that the plaintiff's said mortgage (deed) is in law void, and that it should be canceled as a cloud upon the title of the real estate therein described.

Briefly, now, I will present and discuss my reasons for this determination:

The provisions of section 6 of the former, and of section 16 of the present, Stock Corporation Law, are mandatory as to the consent of stockholders in the requisite two-thirds. The plaintiff's mortgage (deed) sought to be foreclosed, is, therefore, void (*Leffert* v. *Jackman*, 227 N. Y. 310, 315, and cases cited, and *Shapiro* v. *People's Cooperative Society*, etc., 125 Misc. 839), particularly in the absence of circumstances which would make the adjudication of an equitable mortgage proper, and in the absence of circumstances which would estop the corporation and its stockholders from asserting that the statutory consent had not been given. Such circumstances, I decide, are not present in this case. That the trustee in bankruptcy of the mortgagor corporation may make, as he does make herein, the contention that the mortgage is void, is not at all doubtful. (*Matter of Progressive Wall Paper Corporation*, 230 Fed. 171; *Shapiro Case, supra; Matter of Astell Engineering & Iron Works*, 284 Fed. 967, and read *Leffert* v. *Jackman, supra*, and *Vail* v. *Hamilton*, 85 N. Y. 453.) The plaintiff urges (1) that an equitable mortgage should be decreed, and (2) that the circumstances, in law, work an estoppel against the corporation mortgagor and its stockholders

to the requisite two-thirds, precluding it and them from asserting the invalidity of the mortgage (deed) because of lack of statutory formalities preliminary to a valid mortgage. Undoubtedly, if money is advanced to a corporation with the understanding between that corporation borrower (its stockholders to the requisite two-thirds participating in the understanding) on the one hand, and the lender on the other, that the loan shall be secured by a corporate mortgage, equity would not, as it should not, deny the lender the mortgage which should have been given him as security for his loan. Here, however, the individual who actually signed the mortgage as an officer of the corporation (president) owned less than one-third of the stock outstanding, and the treasurer, who figured in some part of the transactions relating to the mortgage, did not own enough additional stock to make his stock, with that held by the president, equal in number of shares to the statutory two-thirds; and there is no showing that holders of the statutory two-thirds of shares *did* participate in the mortgage transaction, and likewise there is as yet no showing of advances to the corporation. The mandatory requirement of the Stock Corporation Law, in relation to corporate mortgages, may not be nullified upon the facts of this case by any application of the equitable mortgage doctrine; and there can be no valid corporate mortgage of real estate in the absence of the statutory consent of requisite number of stockholders; and, as indicated, upon the facts of this case, an equitable mortgage cannot be decreed nor can one be accorded to the plaintiff because of any principle of estoppel operating against the stockholders.

I determine, upon the undisputed facts, that the mortgage of the plaintiff sought to be foreclosed, is void and I await such further proceedings in the case as counsel may be advised to take. They will kindly arrange with me, about March 3, 1930, for a date for further hearing. I will retain all papers pending such further hearing.